Zheng "Andy" Liu (SBN 279327)
Email: Andy.Liu@AptumLaw.us
Jingyi Guo (SBN 335448)
Email: Jingyi.Guo@AptumLaw.us
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Facsimile: 510.987.8411
*Attorneys for Plaintiff Cuihua Luo*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Cuihua Luo, an individual;<br><br>Plaintiff,<br><br>v.<br><br>Stephen Vuong, an individual;<br>Defendant. | Case No. 3:22-cv-02981-TSH<br><br>**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**<br><br>The Honorable Thomas S. Hixson<br><br>Courtroom: G<br><br>Date: November 17, 2022<br><br>Time: 10:00 a.m. |

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

**PLAINTIFF'S NOTICE OF MOTION TO STRIKE DEFENDANT'S**

**INSUFFICIENTLY PLED AFFIRMATIVE DEFENSE 1-25**

PLEASE TAKE NOTICE THAT on November17, 2022 at 10:00 a.m. before the Honorable Thomas S. Hixson, located at San Francisco Courthouse, Courtroom G, 15th Floor 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff will and hereby do move the Court for an order to striking Defendant's insufficient-pled affirmative defenses on at least the following grounds:

1. Defendant's boilerplate affirmative defenses 1-3 lack plausibility under the heightened *Twombly/Iqbal* pleading standard required in this District; and

2. Defendant's boilerplate affirmative defenses 1-3 are insufficiently pled under Rules 8(a) and 9(b) and fail to provide fair notice.

Plaintiff's motion is based on this Notice, the Memorandum of Points and Authorities, the attached exhibits, the declarations of Cuihua Luo, the Court's files and records in this action, Plaintiffs' Complaint, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated:  October 10, 2022                                                     Respectfully submitted,

By  _____

Jingyi Guo (SBN 317827)
*Attorneys for Plaintiff Guihua Luo*

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S
INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

## TABLE OF CONTENTS

I.    INTRODUCTION ...........................................................................................1

II.   FACTS .........................................................................................................1

    A.    The Cryptocurrency Trading Platform In Question: Binance ..............1

    B.    Petitioner Traded Cryptocurrency On Binance ...................................2

    C.    Officer Vuong Seized Petitioner's Binance Account Without A
        Warrant .................................................................................................2

    D.    Officer Vuong Was Sued For His Illegal Seizure In Federal Court .....4

    E.    Officer Vuong Applied For This Search Warrant After The Fact........4

    F.    Officer Vuong Published The Search Warrant To Various Third
        Parties ..................................................................................................5

    G.    Petitioner Tried To Review The Warrant And The Statement Of
        Probable Cause But Was Successful Due To The Clerk's Office's
        Process Backlog ....................................................................................5

III.   LEGAL STANDARD ..................................................................................7

IV.   ARGUMENT...............................................................................................9

    A.    Defendant Vuong's Affirmative Defenses 1-3 Are Inadequately Pled
        Under Rule 8(A) ...................................................................................9

    B.    Defendant's Equitable Affirmative Defenses Are Inadequately Pled
        Under Rule 9(B) .................................................................................11

V.    CONCLUSION..........................................................................................12

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S
INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

# TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*

   960 F.2d 1020 (Fed. Cir. 1992) .................................................................................. 11

*Ashcroft v. Iqbal*

   556 U.S. 662 at 678 (2009)......................................................................................... 9

*Bell Atlantic Corp. v. Twombly*

   550 U.S. 544 at 555 (2007)......................................................................................... 9

*Bott v. Four Star Corp.*

   807 F.2d 1567 (Fed. Cir. 1986) ................................................................................ 11

*Bound v. Spencer Gifts, Inc.*

   No. Civ. A. 95-2216, 1996 WL 556657, at *4 (E.D. Pa. Oct. 1, 1996)............................ 12

*Dion v. Fulton Friedman & Gullace LLP*

   No. 11-CV-2727-SC, 2012 U.S. Dist. LEXIS 5116, 2012 WL 160221, at *2 (N.D. Cal.

   Jan. 17, 2012).......................................................................................................... 8

*Dodson v. Munirs Co.*

   2013 U.S. Dist. LEXIS 85768, 2013 WL 3146818 ......................................................... 9

*Fishman v. Tiger Natural Gas Inc.*

   No. 17-cv-05351-WHA, 2018 U.S. Dist. LEXIS 159425, 2018 WL 4468680, at *3 (N.D.

   Cal. Sept. 18, 2018) ................................................................................................... 8

*Goobich v. Excelligence Learning Corp.*

   No. 5:19-CV-06771-EJD, 2020 U.S. Dist. LEXIS 55114, 2020 WL 1503685, at *2 (N.D.

   Cal. Mar. 30, 2020)..................................................................................................... 7

*Illumina, Inc. v. BGI Genomics Co.*

   No. 19-cv-03770-WHO, 2020 U.S. Dist. LEXIS 19216, 2020 WL 571030, at *5 (N.D.

   Cal. Feb. 5, 2020) ...................................................................................................... 8

*J & K IP Assets, LLC v. Armaspec, Inc.*

No. 17-cv-07308-WHO, 2018 U.S. Dist. LEXIS 118467, 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018) ................................................................................................................ 8

*Perez v. Gordon & Wong Law Grp.*, P.C.

No. 11-CV-3323-LHK, 2012 U.S. Dist. LEXIS 41080, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) ................................................................................................................ 8

*Pertz v. Heartland Realty Inv'rs, Inc*.

No. 19-cv-06330-CRB, 2020 U.S. Dist. LEXIS 3116, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) .......................................................................................................................... 8

*Potash Co. of Am. v. Int'l Minerals & Chem. Corp.*

213 F.2d 153, 155 (10th Cir. 1954) ...................................................................................... 11

*Reis Robotics USA, Inc. v. Concept Industries, Inc.*

462 F. Supp. 2d 897, 2006 U.S. Dist. LEXIS 81744 (N.D.Ill.2006) ................................... 11

*Sidney-Vinstein v. A.H. Robins Co.*

697 F.2d 880, 885 (9th Cir. 1983) ........................................................................................ 7

*Software Publrs. Ass 'n v. Scott & Scott, LLP*

2007 WL 2325585, *2 (N.D. Tex. 2007) ............................................................................. 11

*Solis v. Zenith Capital, LLC*

No. 08-cv-4854-PJH, 2009 U.S. Dist. LEXIS 43350, 2009 WL 1324051, at 3 (N.D. Cal. May 8, 2009) ......................................................................................................................... 7

*United States v. Hawkins*

249 F.3d 867, 872 (9th Cir. 2001) ........................................................................................ 10

**Rules**

Fed. R. Civ. P 8(a) ...................................................................................................................... 1

Fed. R. Civ. P 8(a) ................................................................................................................... 1, 4

Fed. R. Civ. P 12(f) ..................................................................................................................... 2

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This case arose from Pleasant Hill Police Officer Stephen Vuong's incompetent police work and shoddy cover-ups of his own official misconducts. Having worked on almost exclusively car-theft cases, Defendant Vuong lacks the required experience in investigating such modern, complex issues as cybersecurity and cryptocurrency trading. As a result, Defendant Vuong fumbled his investigation and was sued for his unconstitutional seizure of Platin's private property.

Defendant first delayed his answer for almost five months by insisting on Plaintiff serve the process on him at his personal home or at his work desk inside the police station. When Defendant finally answered, he filed a de facto general denial and three boilerplate affirmative defenses.

Under Rule 8 and 9(b), Defendant's conclusory affirmative defenses lack plausibility and should thus be stricken.

## II.     FACTS

### A.  The Cryptocurrency Trading Platform In Question: Binance

Founded in 2017 by Chinese entrepreneurs, Binance is a one of the largest cryptocurrency exchanges by daily trading volume. Binance's low trading fees and extensive array of crypto coins appeal to traders of all stripes.  Declaration of Cuihua Luo (Luo Decl.) ℙ 2.

Binance maintains significant business operations in the State of California through its San Francisco-based subsidiary, Binance US. Trading cryptocurrency on Binance is legal in the State of California; there is also not federal law prohibiting cryptocurrency trading. *Id.*, ℙ 3.

### B. Petitioner Traded Cryptocurrency On Binance

A sophisticated investor and cryptocurrency trader, Petitioner earned more than $9.5 million worth of cryptocurrency over the past a few years. Petitioner's investment and trading skills earned high commendations from her peers. *Id*., ¶ 4.

In 2021, Petitioner opened a cryptocurrency trading account with Binance ("Petitioner's Binance Account"). The account number of Petitioner's Binance Account is 159275031. The registered email address of Petitioner's Binance Account is lch88520913@qq.com. The name of the registered owner of Petitioner's Binance Account is the same as Petitioner's name: Cuihua Luo. *Id*., ¶ 5.

For the ease of management, over the past year, Petitioner consolidated almost all of her cryptocurrencies into Petitioner's Binance Account. *Id*., ¶ 6.

### C. Officer Vuong Seized Petitioner's Binance Account Without A Warrant

In or about the end of April 2022, Petitioner's Binance Account suddenly became locked by Binance. Due to the lock placed against Petitioner's Binance Account, Petitioner became and remains unable to transfer cryptocurrencies stored therein out of Petitioner's Binance Account or use the cryptocurrencies stored therein. *Id*., ¶ 7.

After communicating with Binance, Petitioner learnt that Officer Vuong had contacted Binance and informed Binance that he was conducting a criminal investigation that had some relationship to Petitioner's Binance Account. *Id*., ¶ 8.

Petitioner learnt that Officer Vuong commanded that Binance freeze Petitioner's Binance Account and all cryptocurrencies stored therein—until Officer Vuong completed his investigation. A company originated in China, Binance is susceptible to influence from such law enforcement agencies and personnel as Officer Vuong. Officer Vuong knew about Binance's susceptibility in this rearguard and used it unlawfully. *Id*., ¶ 9.

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

When communicating with Binance, Officer Vuong used his position as a Pleasant Hill Police Department detective, his official title as a police officer, his Pleasant Hill Police Department (PHPD) phone number, his PHPD postal address, and his PHPD email address to imply or show Binance that he had actual or perceived legal authority to command Binance freeze Petitioner's Binance Account and all cryptocurrencies stored therein—while Officer Vuong had no legal authority whatsoever to do any of these acts. *Id.*, ⁋ 10.

Officer Vuong, however, never specified, nor did he have a deadline for completing his investigation. *Id.*, ⁋ 11.

Never before April 2022, Officer Vuong had probable cause to believe that either Petitioner or Petitioner's Binance Account was involved in any criminal activity; nor, before April 2022, did Officer Vuong apply for a search warrant to freeze Petitioner's Binance Account. *Id.*, ⁋ 12.

Around the end of April 2022, Petitioner, through both an English translator and a family relative, communicated with Officer Vuong regarding his seizure of Petitioner's Binance Account. For example, Petitioner made numerous calls and sent numerous emails to Officer Vuong and other police officers at PHPD, offering to make whatever statements or whatever evidence Officer Vuong needed to clarify the situation. Officer Vuong never responded once. *Id.*, ⁋ 13.

In or about May 2022, Petitioner engaged the undersigned counsel to communicate with Officer Vuong. The undersigned counsel also made numerous calls and sent numerous emails to Officer Vuong, offering to make whatever statements or whatever evidence Officer Vuong needed to clarify the situation. *Id.*, ⁋ 14 and Exhibit A. Again, Officer Vuong never responded once. *Id.*

///

3

**D. Officer Vuong Was Sued For His Illegal Seizure In Federal Court**

On May 19, 2022, Officer Vuong was sued in the United States District Court for the Northern District of California for illegally seizing Petitioner's cryptocurrency without a warrant in violation of the Fourth Amendment to the U.S. Constitution. *Id*., ₱ 16 and Exhibit B.

To delay, Officer Vuong first contended that he was not served with the Summons and Complaint in the federal case, through the Pleasant Hill Police Department's intake clerk, even though he in no doubt received a copy of all relevant papers.  Officer Vuong insisted that he be served personally at his home or the police station. *Id*., ₱ 18.

It was difficult. Because Officer Vuong's residential address was impossible to locate; the processer server was not permitted to go beyond Pleasant Hill Police Department's front desk to hand Officer Vuong the Summons and Complaint. *Id*., ₱ 19.

Two months later, on July 21, 2022, Officer Vuong finally agreed to accept the service of process and file a responsive pleading in 60 days, after Petitioner informed Officer Vuong that Petitioner would seek fees and cost against him for refusing to accept service under Rule 4 of the Federal Rule of Civil Procedure. Despite this written agreement, Officer Vuong did not provide a signed waiver of service until 20 days later, on August 9, 2022. *Id*., ₱ 20.

In retrospect, Officer Vuong was simply delaying however way he could, so that he could apply for the search warrant after the fact. *Id*., ₱ 21.

**E. Officer Vuong Applied For This Search Warrant After The Fact**

Around the end of June 2022, Officer Vuong finally applied for a search warrant from this Court. In his Statement of Probable Cause, Officer Vuong concealed at least the following material facts from the Court: (i) he had already illegally seized Petitioner's

cryptocurrency without a warrant in April 2022, and (ii) he had already been personally sued for this illegal seizure in May 2022. Sated another way, when applying for the search warrant in question, Officer Vuong concealed from the Court that he had a significant personal stake in seeing the warrant application approved, because a search warrant issued by this Court could deflect liability from Officer Vuong's own person. *Id*., ¶ 22.

On or about June 29, 2022, not knowing any of these facts concealed by Officer Vuong, the Court issued a search warrant. *Id*., ¶ 23 and Exhibit C.  Notably, Officer Vuong never applied the search warrant as a sealed one; the search warrant thus became part of the public records after its "execution and return of the warrant or the expiration of the 10-day period after issuance." (Cal. Pen. Code § 1534.) *Id*., ¶ 25.

**F.  Officer Vuong Published The Search Warrant To Various Third Parties**

In or about July 2022, Officer Vuong provided the search warrant to various third parties.  For example, Officer Vuong provided the search warrant to Binance's San Francisco branch without any condition on confidentiality. For another example, Officer Vuong also caused the search warrant to be published within Binance's Singapore and China branches without any condition on confidentiality. On or about September 9, 2022, Petitioner also obtained a copy of the search warrant.  *Id*., ¶ 26.

**G.  Petitioner Tried To Review The Warrant And The Statement Of Probable**

   **Cause But Was Successful Due To The Clerk's Office's Process Backlog**

Upon reviewing the search warrant, Petitioner believed that Officer Vuong concealed material facts from this Court when he applied for the search warrant. Because Officer Vuong was the affiant, and he had a significant personal stake in seeing the warrant application approved. Officer Vuong concealed from the Court that he had a significant conflict of interest in seeking the warrant. *Id*., ¶ 27.

On or about September 9, 2022, Petitioner attempted to obtain a copy of Officer Vuong's Statement of Probable Cause from Contra Costa County Superior Court's criminal clerk's office. *Id*., ¶ 28.

The clerk confirmed that Officer Vuong's Statement of Probable Cause was publicly accessible but could not locate it at the time, due to the workload involved in locating search warrant records without a particular search warrant number. *Id*., ¶ 29.

On the same day (September 9, 2022), Petitioner requested that Officer Vuong provided the search warrant number so that Petitioner can obtained a copy of his Statement of Probable Cause. *Id*., ¶ 30.

On September 21, 2022, Officer Vuong declined to provide the search warrant number, claiming that it was confidential. *Id*., ¶ 31 and Ehibit D. On the same day, Petitioner responded that the search warrant number could not be confidential, because Officer Vuong never applied the search warrant under seal. For another 5 days, Officer Vuong refused to respond. *Id*., ¶ 33.

On September 28, 2022, responsive to Petitioner follow up requests, Officer Vuong finally provided the search warrant number. *Id*., ¶ 34 and Exhibit E.

The next day, on September 29, 2022, Petitioner again attempted to obtain a copy of Officer Vuong's Statement of Probable Cause from Contra Costa County Superior Court's criminal clerk's office—but was informed that Officer Vuong applied to have all files relating to the search warrant sealed two days ago (on or about September 27, 2022). *Id*., ¶ 36.

Officer Vuong's gamesmanship here cannot be overstated. Officer Vuong first refused to provide the search warrant number. When confronted, Officer Vuong next claimed that the search warrant number (a public record at the time) was confidential. When

again confronted, Officer Vuong provided the search warrant number, but only to secretly have the search warrant sealed before he revealed the search warrant number. Officer Vuong succeeded in delaying Petitioner's discovery efforts in the federal lawsuit for 20 days so that he could apply to have the warrant sealed. *Id*., ¶ 37.

When applying to have the search warrant sealed, however, Officer Vuong again concealed material facts from this Court. Officer Vuong concerned from this Court that (i) he had already illegally seized Petitioner's cryptocurrency without a warrant in April 2022, that (ii) he had already been personally sued for this illegal seizure in May 2022, that (iii) he had already published this search warrant to various entities worldwide, including Petitioner (the supposed target of Officer Vuong shoddy investigation, that (iv) he had been asked to provide the search warrant number by Petitioner. *Id*., ¶ 38.

As the filing date of this motion, Plaintiff is moving to quash and traverse the search warrant Officer Vuong illegally obtained by concealing material facts from the state magistrate. *Id*., ¶ 39.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08-cv-4854-PJH, 2009 U.S. Dist. LEXIS 43350, 2009 WL 1324051, at 3 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

Courts in this District "continue to require affirmative defenses to meet the Twombly/Iqbal standard." *Goobich v. Excellence Learning Corp.*, No. 5:19-CV-06771-

EJD, 2020 U.S. Dist. LEXIS 55114, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting cases); see also *J & K IP Assets, LLC v. Armaspec, Inc.*, No. 17-cv-07308-WHO, 2018 U.S. Dist. LEXIS 118467, 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018); *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 U.S. Dist. LEXIS 19216, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) ("I apply the Twombly/Iqbal pleading standard to affirmative defenses."); *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 U.S. Dist. LEXIS 3116, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) ("[T]his Court and the majority of courts in this district have held that the heightened pleading standard of Twombly and Iqbal, which followed Wyshak, is now the correct standard to apply to affirmative defenses."); *Fishman v. Tiger Natural Gas Inc.*, No. 17-cv-05351-WHA, 2018 U.S. Dist. LEXIS 159425, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the Twombly/Iqbal standard to affirmative defenses").

A party must state "enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility." *Dion v. Fulton Friedman & Gullace LLP*, No. 11-CV-2727-SC, 2012 U.S. Dist. LEXIS 5116, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012).

This standard does not require "extensive factual allegations," but "bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp.*, P.C., No. 11-CV-3323-LHK, 2012 U.S. Dist. LEXIS 41080, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012).

///

///

///

## IV. ARGUMENT

### A. Defendant Vuong's Affirmative Defenses 1-3 Are Inadequately Pled Under Rule 8(A)

"It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion (laches, estoppel, statute of limitations, or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense—which after all is the goal of the pleading." *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897 (N.D.Ill.2006) (internal citations and quotations omitted).

Further, in light of *Iqbal*, in order to adequately "state . . . its defenses to each claim asserted against it" under Rule 8(b)(1), a party must allege "sufficient factual matter, accepted as true" (*Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009)), to demonstrate that plaintiff lacks a right of recovery. ***To hold otherwise would permit defendants to merely plead "labels and conclusions" or "a formulaic recitation of the elements of" an affirmative defense.*** *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 555 (2007) . Doing so would undermine the rationale of *Twombly* and *Iqbal*.

Accordingly, to the extent that the heightened pleading standard is based on the wording of Rule 8, a sufficient textual basis lies in Rule 8(b)(1) for extending their holdings to the pleading of affirmative defenses. *Dodson v. Munirs Co.*, 2013 U.S. Dist. LEXIS 85768, 2013 WL 3146818.

Here, all Defendant's affirmative defenses include nothing more than boilerplate text: none of Defendant's affirmative defenses includes an even superficial reference to the smallest fact pertain to this case.

More specifically, Defendant's *first* affirmative defense alleges that Plaintiff is barred by the doctrine of qualified immunity. It is implausible for Defendant to plead this affirmative defense.

"A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions. The burden is on the Government to persuade the district court that a seizure comes under one of a few specifically established exceptions to the warrant requirement." *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). There is no exception to this warrant requirement applicable to this case. Defendant did not even begin to apply for a warrant until almost *three months*—and not until he was already sued in this case. No exigent circumstances could have existed.

Defendant's *second* affirmative defense alleges that Plaintiff fails to mitigate damages. It is implausible for Defendant to plead this affirmative defense: Defendant illegally seized Plaintiff assets without a warrant and applied for a warrant after the fact to cover up his official misconduct. Plaintiff properly sued Defendant for his unconstitutional seizure. In what way could Plaintiff mitigate her damages? Storming the police station and confront Defendant in person?

Defendant's *third* affirmative defense alleges that Plaintiff had unclean hands. It is implausible for Defendant to plead this affirmative defense: Defendant illegally seized Plaintiff assets without a warrant and applied for a warrant after the fact to cover up his official misconduct. Despite Defendant's lengthy investigation, Plaintiff is not charged with any crime or even civil wrong whatsoever—by any of the district attorney's office, prosecutor's office or the like, anywhere in the world.

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

Had Plaintiff true had any unclean hands, we would have certainly heard from Defendant, who is the mostly motivated to cover up his official misconduct by charging Plaintiff with *some* misconduct.

In fact, none of Defendant's affirmative defenses alleges any facts specific to this case. Defendant's boilerplate affirmative defenses failed to meet the *Twombly*/*Iqbal* plausibility standard and should thus be stricken.

**B. Defendant's Equitable Affirmative Defenses Are Inadequately Pled Under Rule 9(B)**

It is long established that affirmative defenses, including "[l]aches, waiver, estoppel, and **unclean hands** are equitable defenses that must be pled with the **specific elements** required to establish the defense" or else be stricken. *Software Publrs. Ass 'n v. Scott & Scott, LLP*, 2007 WL 2325585, *2 (N.D. Tex. 2007) (quoting *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897 (N.D.Ill.2006) (internal quotations omitted)).

More specifically, to succeed in an unclean hands claim, a plaintiff is required to show that the defendant has "engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (*en banc*) (citing *Bott v. Four Star Corp.*, 807 F.2d 1567, 1576 (Fed. Cir. 1986)). It is not enough merely to show misconduct. *See Yeda Research & Dev. Co. v. ImClone Sys. Inc.*, 443 F. Supp. 2d 570, 629-30 (S.D.N.Y. 2006) ("Because we find that defendants' hands are unclean, i.e., they are responsible for plaintiff not finding out about their patent applications, the laches defense is unavailable to defendants."); *see also Potash Co. of Am. v. Int'l Minerals & Chem. Corp.*, 213 F.2d 153, 155 (10th Cir. 1954) ("If the party which advances the defense of laches is responsible for the delay or contributes substantially to it he cannot take advantage of it."); *Bound v.*

*Spencer Gifts, Inc.*, No. Civ. A. 95-2216, 1996 WL 556657, at *4 (E.D. Pa. Oct. 1, 1996) ("The doctrine of 'unclean hands' applies to cases of an exceptional character, such as where a defendant was responsible for plaintiff's delay or affirmatively allayed the plaintiff's suspicions through deception.").

Here, Defendant invokes "unclean hands" as his affirmative defense. *See* Defendant's Affirmative Defense #3. Thus, not only *Twombly/Iqbal*, but also the Rule 9(b)'s heightened pleading standard applies.

Defendant fails to plea any "exceptional[ly]" or "particularly egregious conduct" on the part of Plaintiff. Defendant's one-liner affirmative defense #3 is mere conclusory, "boilerplate" statements without (A) any consideration of the actual applicability of the alleged "unclean hands" defenses to Plaintiff's specific, detailed allegations and without (B) any identification of applicable factual basis.

Both Plaintiff and this Court can only speculate as to the predicates for Defendant's boilerplate affirmative defenses—hardly the "fair notice" required under Rule 8, and definitely not the specificities required under Rule 9(b).

In sum, all Defendant's boilerplate affirmative defense #3 should be stricken as insufficiently pled.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves the court to strike Defendant's affirmative defenses 1-3.

///

///

///

///

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S
INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

Dated: October 10, 2022

Respectfully submitted,

By _____

Jingyi Guo (SBN 335448)
Attorneys for Plaintiff Cuihua Luo

**PLAINTIFF'S MOTION AND NOTICE OF MOTION TO STRIKE DEFENDANT'S INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**