DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
WILLIAM ASPINWALL, State Bar No. 308919
waspinwall@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendant
STEPHEN VUONG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUIHUA LUO,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN VUONG,<br>Defendants. | Case No. 3:22-cv-02981-TSH<br><br>**DEFENDANT STEPHEN VOUNG'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Hon. Thomas S. Hixson<br><br>Date:    November 7. 2022<br>Time:    10:00 am<br>Ctrm:    G |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Cuihua Luo ("Plaintiff") filed a Motion to Strike under FRCP 12(f) based on her assumption that affirmative defenses must be pleaded with the kind of particularity described in *Twombly* and *Iqbal*. Plaintiff also asserts that the defense of unclean hands must be pleaded with heightened specificity under F.R.C.P. 9(b). To support these propositions, Plaintiff includes out-of-Circuit authority from the 10th Circuit, the Federal Circuit, the Northern District of Illinois, the Northern District of Texas, the Southern District of New York, and the Eastern District of Pennsylvania.

The Ninth Circuit, however, requires that affirmative defenses be described in general

542173.1

terms to give plaintiffs "fair notice" that the defense may have a possible bearing on the issues in the litigation. The standard for pleading affirmative defenses was announced in *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Despite *Kohler's* guidance, some District Courts in this Circuit have held that affirmative defenses follow the heightened pleading standard for Complaints required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's Motion to Strike fails entirely to mention *Kohler*. Her Motion further fails to mention any decisions from this District following *Kohle*r's "fair notice" standard.

In his Answer to the FAC, Officer Stephen Vuong ("Defendant") asserted three targeted affirmative defenses. Each affirmative defense bears directly on the issues alleged at the pre-discovery pleading stage of this litigation. Defendant's carefully-crafted affirmative defenses give Plaintiff "fair notice" by focusing on the allegations apparent on the face the FAC. They cut to the heart of Plaintiff's claims.

Finally, Plaintiff improperly includes brand-new allegations her Motion. Not found in the FAC, these allegations are irrelevant to the motion to strike. See *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) ("The grounds for a motion to strike must appear on the face of the complaint or from matter which the court may judicially notice"). Plaintiff's Motion to Strike does not include a request for judicial notice.

## II.     FACTS

Plaintiff's Motion to Strike dedicates seven pages to reiterating allegations contain in the FAC and supplementing those allegations with a declaration. Dkt. No. 38, 6:17-12:16. The majority of the allegations contained within Plaintiff's declaration are not present in the FAC.

Plaintiff claims to be a sophisticated cryptocurrency trader and investor. Dkt. No. 15, 2:23-24. Plaintiff alleges that "for the ease of management, over the past year, Plaintiff consolidated almost all of her cryptocurrencies into Plaintiff's Binance Account." Dkt. No. 15, 3:24-25. Around the end of April 2022, Plaintiff became aware that she and her Binance account were under a criminal investigation conducted by Defendant through the Pleasant Hill Police Department. Dkt. No. 15, 4:7-9.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPOSITION TO PLTF'S MTN TO STRIKE
3:22-CV-02981-TSH

542173.1

As a result, Binance allegedly froze Plaintiff's account. Dkt. No. 15, 4:2-3. Plaintiff asserts that "[o]n information and belief, Defendant Vuong had no probable cause and still does not have probable cause to believe that either Plaintiff or Plaintiff's Binance Account was involved in any criminal activity." Dkt. No. 15, 4:7-9. However, Plaintiff's Motion to Strike acknowledges that a search warrant has in fact been issued for Plaintiff's Binance account. Dkt. No. 38, 10:7-8.

On October 10, 2022, Defendant filed an Answer to the FAC denying the substantive allegations and asserting three affirmative defenses. Dkt. No. 37. Defendant's first affirmative defense states that "Individual defendant(s) are immune from 42 U.S.C. § 1983 liability pursuant to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)." Dkt. No. 37, 7:13-15. Defendant's second affirmative defense alleges that Plaintiff failed to mitigate her damages. Dkt. No. 37, 7:17-19. Finally, Defendant asserted his third affirmative defense alleging that Plaintiff's causes of action are barred by the doctrine of unclean hands. Dkt. No. 37, 8:2-4.

## III.   LEGAL STANDARD

### A.   Motion to Strike Pursuant to F.R.C.P. 12(f)

Rule 12(f) provides the "means to excise improper materials from pleading," *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010), including any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). However, courts will generally "grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Ewing v. Nova Lending Sols., LLC*, No. 20-CV-1707-DMS-KSC, 2020 WL 7488948, at *2 (S.D. Cal. Dec. 21, 2020); *Arthur v. Constellation Brands, Inc.*, No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) ("If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits"). "The decision to strike is a question of notice to Plaintiff, not the likelihood of success on the merits." *Smith v. Cobb*, No. 15-CV-00176-GPC, 2017 WL 3887420, at *5 (S.D. Cal. Sept. 5,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

542173.1

1    2017). Rule 12(f) motions are "generally regarded with disfavor because of the limited

2    importance of pleading in federal practice, and because they are often used as a delaying tactic."

3    *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

**B.    Ninth Circuit Standard for Pleading Affirmative Defenses**

5    Answers are governed by Rule 8(c), not Rule 8(a)(2). *Vargas v. Cty. of Yolo*, No.

6    215CV02537TLNCKD, 2016 WL 3916329 (E.D. Cal. July 20, 2016) is instructive:

> this Court finds the reasoning for not adopting the "all-pleadings approach"
> persuasive. First, the Ninth Circuit has continued to recognize the "fair
> notice standard" set forth in *Wysha*k, 607 F.2d at 827, in determining the
> sufficiency of an affirmative defense [citation omitted] … as the court
> recognized in *Kohler*, 280 F.R.D. at 566, the Supreme Court's analysis in
> *Twombly*, 550 U.S. at 555, and Iqbal, 556 U.S. at 679, was limited to
> pleadings under Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2)
> requires that the party stating a claim for relief provide "a short and plain
> statement of the claim showing that the pleader is entitled to relief." Fed. R.
> Civ. Pro. 8(a)(2). In contrast, Rule 8(c), which governs affirmative defenses,
> requires only that the responding party "affirmatively state" its affirmative
> defenses. Fed. R. Civ. Pro. 8(c). In making this distinction, the *Kohler*
> court stated that "[f]actual plausibility—which is the key difference between
> *Twombly*/*Iqbal* pleading and 'fair notice' pleading—is particularly suited to
> claim pleading because Rule 8(a)(2) requires that the party 'show[ ]' that it
> is entitled to relief." *Kohle*r, 280 F.R.D. at 566 (quoting *Iqbal*, 556 U.S. at
> 679). Thus, "[a]pplying the same standard of pleading to claims and
> affirmative defenses, despite this clear distinction in the rules' language,
> would run counter to the Supreme Court's warning in *Twombly* that
> legislative action, not 'judicial interpretation,' is necessary to 'broaden the
> scope' of specific federal pleading standards." *Id.* (citing 550 U.S. at 569 n.
> 14)."

19    *Vargas*, *supra*, at *2-3. See also *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016 (9th Cir. 2015),

20    where the Ninth Circuit ruled that "the 'fair notice' required by the pleading standards only

21    requires describing the [affirmative] defense in 'general terms.'" Kohler, 779 F. 3d 1019 (quoting

22    5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998).

23    Plaintiff cites *Goobich v. Excellligence Learning Corp.*, No. 4:19-CV-06771-EJD, 2020

24    U.S. Dist. LEXIS 55114, 2020 WL 1503685 (N.D. Cal. Mar. 30, 2020) for the proposition that

25    "Courts in this District 'continue to require affirmative defenses to meet the *Twombly*/*Iqbal*

26    standard." Dkt. No. 38, 12:26-28.  Such viewpoint is not uniform within the Northern District.

27    *E.g.*, *Comin v. Int'l Bus. Machines Corp.*, No. 19-CV-07261-JD, 2021 WL 4571997, at *1 (N.D.

28    Cal. June 30, 2021) ("the Ninth Circuit has recently suggested that a defendant need only

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPOSITION TO PLTF'S MTN TO STRIKE
3:22-CV-02981-TSH

542173.1

describe an affirmative defense in general terms sufficient to put the plaintiff on notice of the nature of the defense. The Court has previously determined that this is the appropriate standard, and applies it here.") (internal citations and quotations omitted); *Cadence Design Sys., Inc. v. Syntronic AB*, No. 21-CV-03610-SI, 2022 WL 1320629, at *2 (N.D. Cal. May 3, 2022) (noting the predominant approach in the Ninth Circuit is that a fairly noticed affirmative defense need only "describe a defense in general terms by identifying the legal theory on which the defense rests and need not assert facts making it plausible.") (internal citations and quotations omitted).

And Plaintiff fails to note the approach taken by other District Courts within California. "[T]he Central, Eastern, and Southern Districts agree that courts should review affirmative defenses under the fair notice standard after the Ninth Circuit's decision in *Flava*." *Cota v. Aveda Corp.*, No. 320CV01137BENBGS, 2020 WL 6083423, at *6 (S.D. Cal. Oct. 14, 2020) (citations and internal quotations omitted). Nor does she note that, "under the predominant approach in the Ninth Circuit, a fairly noticed affirmative defense" need only "describe a defense in general terms by identifying the legal theory on which the defense rests and need not assert facts making it plausible." *Pauly v. Stanford Health Care*, No. 18-CV-05387-SI, 2022 WL 103546, at *3 (N.D. Cal. Jan. 11, 2022) (internal citations and internal quotations omitted). To do otherwise, to require a defendant "to state factual support for this affirmative defense inherently conflicts with merely requiring a defendant to merely state a defense in general terms under Rule 8 and the fair notice standard." *Cota*, *supra*, at *6. See also *White v. Moore*, No. 221CV06964MCSMAA, 2022 WL 3127910, at *2 (C.D. Cal. Feb. 17, 2022) ("several Ninth Circuit decisions have recognized that a defendant need only provide fair notice by describing the defense in general terms to meet federal pleading standards, even after *Twombly* and *Iqbal*.") ) (internal citations and internal quotations omitted).

## IV.   **LEGAL ARGUMENT**

Defendants' affirmative defenses put Plaintiff on "fair notice" that she has unclean hands, that she failed to mitigate her damages, and that the Pleasant Hill Police Detective she has sued is immune from 42 U.S.C. § 1983 liability pursuant to the doctrine of qualified immunity. These discrete issues are plainly evident from the face of the FAC. Furthermore, the arguments within her Motion to Strike makes clear that she understands and has fair notice of the three targeted

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

542173.1

affirmative defenses asserted by Defendant. Plaintiff's Motion fails because it does not show that the affirmative defenses "could have no possible bearing on the subject matter of the litigation." *Ewing*, 2020 WL 7488948, at *2.

### A.   Qualified Immunity

Defendant's first affirmative defense is qualified immunity to Plaintiff's causes of action under 42 U.S.C. § 1983. Defendant specifically cited to governing case-law regarding the defense: *White v. Pauly*, 580 U.S. 73, (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

"Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.' It shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. In this way, it protects government officials from liability for good faith misjudgments and mistakes." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (internal citations omitted).

District Courts disfavor striking this well-known affirmative defense. *E.g.*, *White v. Moore*, No. 221CV06964MCSMAA, 2022 WL 3127910, at *2 (C.D. Cal. Feb. 17, 2022) (denying motion to strike qualified immunity because "little, if any, factual basis is necessary to sustain a qualified immunity defense."); *L.F. by & through Brown v. City of Stockton*, No. 2:17-CV-01648-KJM-DB, 2018 WL 3817558, at *7 (E.D. Cal. Aug. 10, 2018) (denying motion to strike qualified immunity because "[a]n affirmative defense as well-established as qualified immunity is sufficiently pleaded without additional factual bases.") (citation omitted); *Smith v. Cobb*, No. 15-CV-00176-GPC, 2017 WL 3887420, at *5 (S.D. Cal. Sept. 5, 2017) (denying motion to strike qualified immunity "[b]ecause qualified immunity is a well-known defense, pleading the defense alone puts Plaintiff on notice."); *Davidson v. City of Los Angeles*, No. CV139004PSGJEMX, 2014 WL 12708866, at *3 (C.D. Cal. Feb. 12, 2014) (denying motion to strike various affirmative defenses, including qualified immunity, because they "are as simple and straightforward as they come. As such, no more is needed for Plaintiff to understand the nature of Defendants' affirmative defenses.") (internal citations omitted); *Devermont v. City of San Diego*,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPOSITION TO PLTF'S MTN TO STRIKE
3:22-CV-02981-TSH

542173.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

No. 12-CV-01823 BEN KSC, 2013 WL 2898342, at *8 (S.D. Cal. June 14, 2013) (denying motion to strike qualified immunity because "[t]his is a familiar defense with well-established contours in civil rights actions against police.").

Following this case law, Plaintiff's motion to strike Defendant's first affirmative defense should be denied. The Answer provided Plaintiff fair notice of this defense.

### B.   Failure to Mitigate

Defendant's second affirmative defense is failure to mitigate. This provided Plaintiff adequate notice of the defense, especially since the parties are still at the pre-discovery stage of this case.

Courts acknowledge the uniqueness of the "failure to mitigate" affirmative defense and afford it particular pleading liberality. *Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007) (denying motion to strike mitigation defense where "discovery has just begun, Plaintiff has been put on notice of the defense, and the possibility remains that additional facts may be alleged that would support the affirmative defense of mitigation. Therefore, the defense may be supported by additional, as of yet undiscovered facts, and will not be stricken."). See also *Deleon v. Elite Self Storage Mgmt., LLC*, No. 215CV02087MCEEFB, 2016 WL 881144, at *3 (E.D. Cal. Mar. 8, 2016); *Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc.*, No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) (generalized statement permitted for "failure to mitigate" defense); *Kaur v. City of Lodi*, No. 2:14-CV-00828-TLN-AC, 2016 WL 627307, at *2 (E.D. Cal. Feb. 17, 2016); *Leos v. Rasey*, No. 114CV02029LJOJLTPC, 2017 WL 816301, at *4 (E.D. Cal. Mar. 2, 2017), report and recommendation adopted, No. 114CV02029LJOJLTPC, 2017 WL 1153141 (E.D. Cal. Mar. 27, 2017); *Rodriguez v. Brown*, No. 115CV01754LJOEPGPC, 2017 WL 1090161, at *4 (E.D. Cal. Mar. 22, 2017); and *L.F. by & through Brown supra*, at *4 (E.D. Cal. Aug. 10, 2018) ("When, as here, discovery has barely begun, the failure to mitigate defense is sufficiently pleaded without additional facts.").

Additionally, Plaintiff's FAC's self-proclaims her as a "sophisticated investor and cryptocurrency trader." Dkt. No. 15, ¶ 6. Plaintiff further claims that "[f]or the ease of

OPPOSITION TO PLTF'S MTN TO STRIKE
3:22-CV-02981-TSH

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  management, over the past year, Petitioner [sic] consolidated almost all of her cryptocurrencies

2  into Petitioner's [sic] Binance Account." Dkt. No 15, ¶ 12. As a "sophisticated cryptocurrency

3  trader" Plaintiff is certainly aware of the dangers inherent in consolidating "almost all of her

4  cryptocurrencies" into one single, centralized account. Plaintiff's failure to self-custody her

5  cryptocurrencies, as is the industry standard convention among sophisticated cryptocurrency

6  traders, is relevant to Defendant's affirmative defense that Plaintiff failed to mitigate her

7  damages.

8      Plaintiff's motion to strike Defendant's second affirmative defense should be denied.

9  ### C.   <u>Unclean Hands</u>

10      Defendant's third affirmative defense is unclean hands. Plaintiff cites several out of circuit

11  cases (N.D. Ill; N.D. Tex.; S.D.N.Y.; E.D. Pa.; 10th Cir.; & Fed. Cir.) for the proposition that the

12  affirmative defense of unclean hands must be pleaded with specificity under Rule 9(b). These are

13  unpersuasive. As noted above, "fair notice" applies to affirmative defenses. See also *DMF, Inc.*

14  *v. AMP Plus, Inc.*, No. 218CV07090CASGJSX, 2019 WL 1925457, at *1 (C.D. Cal. Apr. 29,

15  2019) (denying motion to strike unclean hand defense because "plaintiff has been provided with

16  fair notice of the nature of defendants' unclean hands defense and that the sufficiency of

17  defendants' unclean hands defense is better decided on a motion for summary judgment").

18      "Fair notice" is underscored where, as here, Plaintiff's own FAC acknowledges she is

19  suing for alleged seizure of cryptocurrency arising from a criminal investigation into that same

20  cryptocurrency. Dkt. No 15, ¶¶ 9-19. Plaintiff cannot reasonably assert surprise that unclean

21  hands may have possible bearing on the subject matter of this litigation.

22      Plaintiff's motion to strike Defendant's third affirmative defense should be denied.

23  ### D.   <u>Plausibility is Immaterial</u>

24      Plaintiff argues that all three affirmative defenses should be dismissed because they are

25  implausible. Dkt. No. 38, 15:1-22. This is a red herring. As explained above, plausibility is not

26  the standard for pleading affirmative defenses. *Kohler*, 779 F.3d 1016, 1019. Moreover, "[c]ourts

27  do not strike affirmative defenses simply because they will fail. The decision to strike is a

28  question of notice to Plaintiff, not the likelihood of success on the merits." *Smith, supra*, at *5.

OPPOSITION TO PLTF'S MTN TO STRIKE
3:22-CV-02981-TSH

See also *Spencer v. Carlson*, No. 119CV01615ADAHBK, 2022 WL 4484300, at *1 (E.D. Cal. Sept. 27, 2022) ("Even though the likelihood of the affirmative defense's success may be minimal, the merits of a defense are not grounds to strike it.").

Plaintiff's subjective opinion regarding the ultimate merits of Defendants affirmative defenses is immaterial. The FAC and Plaintiff's Motion to Strike leaves no doubt that Plaintiff understands the nature of the affirmative defenses. Fair notice is all that is required in this Circuit.

## V.   **LEAVE TO AMEND**

In the event the Court happens to grant Plaintiff's motion to strike any of the three affirmative defense, Defendant requests leave to amend any dismissed defenses. "The district court is afforded discretion to grant leave to amend pleadings and should freely give leave when justice so requires. The generosity in granting leave to amend is to be applied with extreme liberality." *Howard v. Tanium, Inc.*, No. 21-CV-09703-JSC, 2022 WL 597028, at *1 (N.D. Cal. Feb. 28, 2022) (internal quotations and citations omitted).

## VI.   **CONCLUSION**

For the reasons above, Defendant respectfully request that this Court deny Plaintiff's Rule 12(f) Motion to Strike in its entirety.

Respectfully submitted,

Dated:  October 24, 2022                ALLEN, GLAESSNER,
                                        HAZELWOOD & WERTH, LLP


By:   */s/ William Aspinwall*
       DALE L. ALLEN, JR.
       WILLIAM ASPINWALL
       Attorneys for Defendants
       STEPHEN VUONG