UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUIHUA LUO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN VUONG,<br><br>    Defendant. | Case No. 22-cv-02981-TSH<br><br>**ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 38 |

## I. INTRODUCTION

Pending before the Court is Plaintiff Cuihua Lou's Motion to Strike Defendant's Affirmative Defenses. ECF No. 38. Defendant Stephen Vuong filed an Opposition (ECF No. 39) and Luo failed to file a Reply. The Court finds this matter suitable for disposition without oral argument and **VACATES** the November 17, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.[1]

## II. BACKGROUND

**A.  Factual Background**

In 2021, Luo opened a cryptocurrency trading account with Binance. ECF No. 15 at ¶ 11. Binance locked Luo's account in April 2022. *Id*. at ¶ 13. Luo contacted Binance and learned that Vuong, an officer with the Pleasant Hill Police Department, commanded Binance to lock Luo's

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 23, 25, 29.

account because of an ongoing criminal investigation involving Luo's Binance account. *Id*. at ¶¶ 14-15. Luo's Binance account remains frozen and contains $9.5 million in cryptocurrency. *Id*. at ¶¶ 30-31.

### B. Procedural Background

On May 19, 2022, Lou filed a complaint against Vuong, City of Pleasant Hill, PHPD, and DOES 1-20. ECF No. 1. On August 20, 2022, Lou filed an Amended Complaint against Vuong, alleging unconstitutional seizure under the Fourth Amendment and in violation of 42 U.S.C. § 1983. ECF No. 15. On October 10, 2022, Vuong filed an Answer to the Amended Complaint and asserted three affirmative defenses: 1) qualified immunity, 2) failure to mitigate damages, and 3) unclean hands. ECF No. 37.

On October 10, 2022, Luo filed a Motion to Strike Vuong's Affirmative Defenses. ECF No. 38. On October 24, 2022, Vuong filed an Opposition. ECF No. 39. Luo failed to file a Reply.[2]

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) (internal citation and quotations omitted). If the Court strikes a defense, "leave to amend should be freely given if prejudice does not result to the moving party." *United States v. Academy Mortgage Corp*., No. 16-cv-2120-EMC, 2020 WL 7056017, at *1 (N.D. Cal. Dec. 2, 2020).

### IV.  DISCUSSION

Luo argues all of Vuong's affirmative defenses are inadequately pled under FRCP 8(b) and the heightened pleading standard of *Twombly/Iqbal*. ECF No. 38 at 9. Vuong argues the *Twombly/Iqbal* heightened pleading standard does not apply to affirmative defenses. ECF No. 39

---

[2] Lou's deadline to file a Reply was October 31, 2022. N.D. Cal. L. R. 7-3(c).

1   at 4-5.

2        FRCP 8(b)(1) requires a defendant to "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." "Although the Ninth Circuit has not spoken directly on pleading standards for affirmative defenses, 'the majority of courts in [the Northern District of California] have held that the heightened pleading standard of *Twombly* and *Iqbal* . . . is now the correct standard to apply to affirmative defenses.'" *Tongsui LLC v. LecocoLove LLC*, No. 21-cv-2806-DMR, 2022 WL 541179, at *4 (N.D. Cal. Feb. 23, 2022) (citing *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020)); *see also LumaSense Technologies, Inc. v. Advanced Engineering Services, LLC*, No. 20-cv-7905-WHO, 2021 WL 2953237, at *6 (N.D. Cal. July 14, 2021) ("I will apply the Twombly/Iqbal standard to affirmative defenses in this case."); *Williams v. Apple, Inc.*, No. 19-cv-4700-LHK, 2021 WL 9181936, at *3 (N.D. Cal. June 17, 2021) ("This Court, as well as a vast majority of courts in this district, has held that the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses."); *Fishman v. Tiger Natural Gas Inc.*, No. 17-cv-05351-WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly/Iqbal* standard to affirmative defenses"); *Finjan, Inc. v. Bitdefender Inc.*, No. 17-cv-4790-HSG, 2018 WL 1811979, at *3 (N.D. Cal. Apr. 17, 2018) ("The Court agrees, and continues to find that the *Twombly/Iqbal* standard applies."); *Murphy v. Trader Joe's*, No. 16-cv-2222-SI, 2017 WL 235193, at *2 (N.D. Cal. Jan. 19, 2017) ("[I]n the absence of clear controlling authority, the Court will follow numerous decisions in this district applying the *Twombly/Iqbal* standard to affirmative defenses.").

        "Accordingly, Defendant's affirmative defenses must contain sufficient facts to state a defense 'that is plausible on its face.'" *Goobich v. Excelligence Learning Corp.*, No. 19-cv-6771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "This standard does not require 'extensive factual allegations,' but 'bare statements reciting mere legal conclusions may not be sufficient.'" *Fishman v. Tiger Natural Gas Inc.*, No.

17-cv-5351-WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) (quoting *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012)).

Here, Vuong's first affirmative defense states "[i]ndividual defendant(s) are immune from 42 U.S.C. § 1983 liability pursuant to the doctrine of qualified immunity"; his second affirmative defense states "Plaintiff failed to mitigate his damages"; and his third affirmative defense states "Plaintiff's cause(s) of action are barred by the doctrine of unclean hands." ECF No. 37 at 7-8. The Court finds these "bare references to legal doctrines without any discussion of how they may apply to this case" to be insufficient under FRCP 8. *Goobich v. Excelligence Learning Corp.*, No. 19-cv-6771-EJD, 2020 WL 1503685 (N.D. Cal. Mar. 30, 2020) (citing *Madison v. Goldsmith & Hull*, No. 5:13-cv-01655 EJD, 2013 WL 5769979, at *2 (N.D. Cal. Oct. 24, 2013)). Vuong fails to identify any facts in support of his affirmative defenses. *See Espitia v. Mezzetti Financial Services, Inc.*, No. 18-cv-2480-VKD, 2019 WL 359422, at *3 (N.D. Cal. Jan. 29, 2019) ("[T]he Eleventh Affirmative Defense ("Unclean Hands") states, in its entirety, 'As a separate, affirmative defense, Defendant alleges that any recovery to Plaintiff is barred by the Doctrine of Unclean Hands.' . . . Mezzetti fails to identify any conduct by Mr. Espitia that would provide grounds for such a defense.").[3] Accordingly, Vuong's affirmative defenses are inadequately pled.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Luo's Motion to Strike Vuong's affirmative defenses and **GRANTS** Vuong with leave to amend. Vuong shall file an amended

---

[3] Luo also argues Vuong's third affirmative defense of unclean hands fails to meet the heightened pleading requirements of FRCP 9(b). ECF No. 39 at 12. Because the Court finds Voung's third affirmative defense of unclean hands is insufficiently plead and lacks any discussion of how the affirmative defense applies to the case, the Court declines to address Luo's FRCP 9(b) argument. "[T]he pleading requirements of Rule 9(b) applie[s] to the defense of unclean hands if the allegation of unclean hands involved the elements of fraud." *XILINX, Inc. v. Altera Corp.*, No. 90-cv-20409-RMW(EAI), 1993 WL 767688 (N.D. Cal. Oct. 25, 1993); *see also Heartland Payment Systems, Inc. v. Mercury Payment Systems, LLC,* No. 14-cv-0437-CW, 2016 WL 304764, at *11 (N.D. Cal. Jan. 26, 2016) ("[B]ecause Mercury's unclean hands defense alleges fraud, it must also be plead with the particularity required by Rule 9(b)."); *Incase Designs, Inc. v. Mophie, Inc.,* No. 13-cv-0602-RS, 2013 WL 12173931, at *2 (N.D. Cal. July 1, 2013) ("Where the defendant makes clear its unclean-hands defense is not based on allegations of fraud, but rather on claims the plaintiff brought its suit in bad faith, courts suggest the particularity requirements of Rule 9(b) do not apply.").

4

answer within fourteen days of this Order.

**IT IS SO ORDERED.**

Dated: November 14, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge