UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUIHUA LUO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN VUONG,<br><br>　　　　Defendant. | Case No. 22-cv-02981-TSH<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## I.　INTRODUCTION

After Plaintiff Cuihua Luo failed to respond to Defendant Stephen Vuong's pending Motion for Judgment on the Pleadings, the Court ordered her to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 63. Although the Court warned Luo that the case may be dismissed if she failed to respond, no response has been received. Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders.[1]

## II.　BACKGROUND

In 2021, Luo opened a cryptocurrency trading account with Binance, which subsequently locked her account in April 2022. First Am. Compl. ¶¶ 11, 13, ECF No. 15. Luo contacted Binance and learned that Vuong, an officer with the Pleasant Hill Police Department, commanded Binance to lock Luo's account because of an ongoing criminal investigation. *Id.* ¶¶ 14-15. According to Luo, her Binance account remains frozen and contains $9.5 million in

---

[1] The parties consent to proceed before a magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 3, 29.

1  cryptocurrency. *Id*. ¶¶ 30-31.

2  On May 19, 2022, Luo filed a complaint against Vuong, City of Pleasant Hill, and the
3  Pleasant Hill Police Department. ECF No. 1. On August 20, 2022, Lou filed a First Amended
4  Complaint solely against Vuong, alleging unconstitutional seizure under the Fourth Amendment.
5  On October 10, 2022, Vuong filed an Answer. ECF No. 37. The Court entered a case
6  management order on September 29, 2022. ECF No. 35. Since that time, the parties have filed
7  several requests for continuances pending resolution of related state court criminal proceedings,
8  which the Court has granted. ECF Nos. 44-46, 48-54.

9  On June 13, 2024, the parties filed a joint case management statement indicating Vuong
10 obtained a federal seizure order from the District of Columbia to freeze the funds of Luo's
11 Binance account. ECF No. 55. Luo subsequently filed an administrative motion requesting the
12 Court extend the time for her to seek leave to amend her complaint, stating she intended to request
13 the D.C. District Court transfer this case to that district. ECF No. 57. As the deadline to seek
14 leave to amend had passed (ECF No. 56), on October 30, 2024, the Court denied her motion
15 without prejudice for failure to comply with Federal Rules of Civil Procedure 15 and 16. ECF No.
16 60. Luo has made no further appearances in this case.

17 On January 9, 2025, Vuong filed the pending Motion for Judgment on the Pleadings. ECF
18 No. 61. After Luo failed to file an opposition in compliance with Civil Local Rule 7, the Court
19 ordered her to show cause why this case should not be dismissed for failure to prosecute and
20 failure to comply with court deadlines. ECF No. 63. The Court ordered Luo to file a declaration
21 by February 6, 2025 and simultaneously file either an opposition or a statement of nonopposition
22 in compliance with Civil Local Rule 7-3. The Court warned Luo that failure to file a written
23 response would be deemed an admission that she did not intend to prosecute, and this case would
24 likely be dismissed. No response has been received.

### III. LEGAL STANDARD

26 The Court possesses the inherent power to dismiss an action sua sponte "to achieve the
27 orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33
28 (1962). Dismissal nonetheless is a harsh penalty and should be used only in extreme

2

1  circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## IV.   DISCUSSION

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (internal quotations and citation omitted). In view of Luo's failure to prosecute this matter and comply with court orders, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Luo delayed adjudication of the claims in this case by failing to response to Vuong's motion for judgment on the pleadings and failing to respond to the show cause order, which "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Therefore, this factor also weighs in favor of dismissal.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (internal quotations and citation omitted). While the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting. *Id.* at 642-43. Despite being given ample opportunity to do so, Luo has failed to respond to Vuong's motion and has provided no explanation for her failure to pursue this matter or to comply with the Court's orders. This failure to offer any explanation

3

weighs in favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."); *Chico v. Wells Fargo Bank*, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal.").

Fourth, "a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court has already attempted less drastic sanctions without success, including issuing a show cause order and giving Luo an opportunity to explain the failure to prosecute. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Further, as Luo failed to respond, another order requiring her to respond is likely to be futile. *See*, *e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the order to show cause warned Luo of the risk of dismissal; thus, she cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (citation omitted); *Ferdik*, 963 F.2d at 1262. This factor weighs in favor of dismissal.

Fifth, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *Id.* Thus, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Although this factor typically weighs against dismissal, Luo has failed to move this case toward disposition on the merits. This factor is therefore neutral at best.

## V. CONCLUSION

Based on the analysis above, the Court finds at least four of the five factors weigh in favor of dismissal. Luo failed to respond to Vuong's motion for judgment on the pleadings and failed to respond to the show cause order. Thus, Luo failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief. *See Ferdik*, 963 F.2d at 1262. Thus, "[i]n an abundance—perhaps overabundance—of caution," the undersigned finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court to consider whether dismissal should have been without prejudice). Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: February 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge